IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GANNETT CO., INC., et al.,<br><br>                *Plaintiffs*,<br><br>   v.<br><br>JEFF LONG, et al.,<br><br>               *Defendants*. | Case No. 3:25-cv-00830<br>Hon. William L. Campbell, Jr<br>Magistrate Judge Barbara D. Holmes |

## DEFENDANT JOHN DRAKE'S RESPONSE TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Section 5 of Public Chapter 509 ("the Act") makes it a misdemeanor to "intentionally approach[ ], within twenty-five feet (25'), a law enforcement officer after the officer has ordered the person to stop approaching or to retreat and the officer is lawfully engaged in the execution of official duties" in certain scenarios. 2025 Tenn. Pub. Acts, ch. 409, § 5(a). Plaintiffs, media organizations with outlets in several Tennessee cities, claim that Section 5 of the Act violates the First and Fourteenth Amendments of the U.S. Constitution and presently move for preliminary injunctive relief. Defendant John Drake, in his official capacity as the Chief of the Metropolitan Nashville Police Department ("MNPD"), takes no position on the constitutionality of Section 5 of the Act or on Plaintiffs' Motion for a Preliminary Injunction.

Section 5 of the Act, which went into effect on July 1, 2025, applies statewide and permits law enforcement from any municipality in the State to enforce it. Plaintiffs are media organizations with offices or publications in numerous Tennessee municipalities, including Nashville, Memphis, Knoxville, Clarksville, Columbia, Oak Ridge, Murfreesboro, Jackson, and Franklin. *See* Complaint ¶¶ 18–24. In addition, Plaintiffs' alleged fears about the Act's reach are not confined to Nashville. *See*, *e.g.*, *id*. ¶ 37 ("More recently, Plaintiffs have reported

on law enforcement's response to encampments and protests *throughout Tennessee*.") (emphasis added). Even so, Plaintiffs have not sued any representatives of the eight non-Nashville municipalities where they operate.

Plaintiffs do not identify why Chief Drake is the only local official against whom this matter proceeds, nor can they: in the little more than two months since the Act went into effect, MNPD has not charged any individual with violating Section 5 of the Act or otherwise enforced Section 5 in any way. The Complaint contains no allegations otherwise. In addition, MNPD has instructed its officers that the Act's constitutionality has been challenged and to refrain from enforcing Section 5 of the Act while this litigation is pending.

In summary, the Act at issue is a state law, enacted by the General Assembly, that applies statewide. Attorneys from the Tennessee Attorney General's Office have already entered appearances in this matter and presumably stand ready to defend the law. Accordingly, Defendant Drake takes no position on the merits of Plaintiffs' constitutional challenge or request for an injunction.

Respectfully submitted,

THE DEPARTMENT OF LAW
OF THE METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

WALLACE W. DIETZ (#009949)
DIRECTOR OF LAW

/s/ *Allison L. Bussell*
ALLISON L. BUSSELL (#023538)
  ASSOCIATE DIRECTOR OF LAW
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
allison.bussell@nashville.gov

*Counsel for Defendant Chief Drake*