UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GANNETT CO., INC., GRAY LOCAL MEDIA, INC. NASHVILLE PUBLIC MEDIA, INC. *d/b/a* NASHVILLE BANNER, NEXSTAR MEDIA GROUP, INC., SCRIPPS MEDIA, INC., STATES NEWSROOM *d/b/a* TENNESSEE LOOKOUT, and TENGA INC., <br><br>Plaintiffs, <br><br>v. <br><br>JEFF LONG, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, GLENN FUNK, in his official capacity as District Attorney General for Nashville and Davidson County, Tennessee, and JOHN DRAKE, in his official Capacity as Chief of Metropolitan Nashville Police Department, <br><br>Defendants. | No. 3:25-cv-00830 <br> Chief Judge Campbell <br> Magistrate Judge Holmes |

## JOINT MOTION TO STAY DISCOVERY
## AND SUPPORTING MEMORANDUM OF LAW

All Parties agree that staying discovery pending resolution of Defendants forthcoming motions to dismiss would potentially save expenditure of valuable resources. Accordingly, all Parties jointly move for a stay of discovery pending resolution of forthcoming motions to dismiss.

The Parties are mindful that initial case management considerations are ongoing, and simultaneous with the filing of this motion, the Parties submit their proposed initial case management order. The Parties have amicably discussed case planning and will certainly participate in the initial case management conference on February 24, 2026. However, in light of the unique nature of this lawsuit—a constitutional challenge to a state statute against state and

1

local defendants—the Parties file this joint motion to propose an alternative path for planning this case.

At the outset of this case, the parties moved for entry a joint briefing schedule, which the Court granted. Order, Dkt. 17, PageID# 63. The briefing schedule provided that "Defendants will file a responsive pleading or motion to dismiss within 30 days of this Court's order resolving Plaintiffs' motion for a preliminary injunction." *Id.* at PageID# 64. On February 18, 2026, the Court entered an order denying Plaintiffs' motion for a preliminary injunction. Order, Dkt. 40, PageID# 331. And thus, Defendants' anticipated motions to dismiss are due March 20, 2026. *See* Order, Dkt. 17, PageID# 64.

The Parties agree that staying discovery until after resolution of the anticipated motions to dismiss will "streamline litigation." *Neitzke v. Williams*, 490 U.S. 319, 319 (1989). Rule 1 of the Federal Rules of Civil Procedure instructs that the Rules should be used by the Court and the Parties to secure "the just, speedy, and *inexpensive* determination of every action and proceeding." (emphasis added). And Rule 26(b)(1) embraces that discovery should be "proportional to the needs of the case." Resolution of issues anticipated to be subject of the motions to dismiss, such as sovereign immunity, would steer the course of discovery practice in this case, or may dispense with the necessity of discovery all together. Staying discovery would help the parties avoid increased expenditures in the early stages of this litigation, and it would help to ensure that any discovery would be proportional. Also, beginning discovery, or even requiring initial disclosures, prior to the deadline for Defendants' responsive pleading or motion to dismiss would be premature. While the Parties do not agree on the questions of jurisdiction or the merits of the claims in this case, all Parties do agree that staying discovery makes sense given the unique nature of this lawsuit. When parties agree that discovery should be stayed, that is good cause to stay discovery. *See ABC*

*Indus. Laundry v. Allianz Glob. Risks U.S. Ins. Co.*, No. 2:21-CV-01029-APG-VCF, 2021 WL 3824663 (D. Nev. Aug. 26, 2021). Therefore, the Parties propose this alternative path for case management and request that the Court stay discovery pending resolution of forthcoming motions to dismiss.

Respectfully submitted,

*/s/ Zachary L. Barker*
ZACHARY L. BARKER, TN BPR # 035933
Senior Assistant Attorney General
Office of the Tennessee Attorney General
Constitutional Defense Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-4098
Zachary.Barker@ag.tn.gov
*Counsel for State Defendants*


*/s/Paul R. McAdoo*
PAUL R. MCADOO, TN BPR # 34066
Reporters Committee for Freedom of the Press
6688 Nolensville Rd.
Suite 108-20
Brentwood, TN 37027
(615) 823-3633
Email: pmcadoo@rcfp.org
*Counsel for Plaintiffs*


*/s/ Peter G. Vizcarrondo*
PETER G. VIZCARRONDO, NY BAR # 5540398
Metropolitan Legal Department
P O Box 196300
Nashville, TN 37219
(615) 862-6341
Email: peter.vizcarrondo@nashville.gov
*Counsel for Chief John Drake*

# CERTIFICATE OF SERVICE

I certify that the foregoing Exhibit List was filed electronically on February 19, 2025. A true and correct copy of that filing was forwarded on the same day via the Court's CM/ECF system upon the following:

Grayson Clary
Reporters Committee for Freedom of the Press
1156 15th Street NW
Suite 1020
Washington, DC 20005
202-795-9300
Email: gclary@rcfp.org

Paul R. McAdoo
Reporters Committee for Freedom of the Press
6688 Nolensville Rd.
Suite 108-20
Brentwood, TN 37027
(615) 823-3633
Email: pmcadoo@rcfp.org

Allison L. Bussell
Peter G. Vizcarrondo
Metropolitan Legal Department
P O Box 196300
Nashville, TN 37219
(615) 862-6341
Email: allison.bussell@nashville.gov
Email. peter.vizcarrondo@nashville.gov

/s/ Zachary L. Barker
ZACHARY L. BARKER
Senior Assistant Attorney General