# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GANNETT CO., INC., GRAY LOCAL MEDIA, INC. NASHVILLE PUBLIC MEDIA, INC. *d/b/a* NASHVILLE BANNER, NEXSTAR MEDIA GROUP, INC., SCRIPPS MEDIA, INC., STATES NEWSROOM *d/b/a* TENNESSEE LOOKOUT, and TENGA INC., <br><br> Plaintiffs, <br><br> v. <br><br> JEFF LONG, in his official capacity as Commissioner of the Tennessee Department of Safety and Homeland Security, GLENN FUNK, in his official capacity as District Attorney General for Nashville and Davidson County, Tennessee, and JOHN DRAKE, in his official Capacity as Chief of Metropolitan Nashville Police Department, <br><br> Defendants. | No. 3:25-cv-00830 <br> Chief Judge Campbell <br> Magistrate Judge Holmes |

## JOINT MOTION TO STAY TRIAL COURT PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW

All Parties agree that trial court proceedings, including the deadline for Defendants' responsive pleadings or motions to dismiss, should be stayed pending resolution of Plaintiffs' appeal of the order denying Plaintiffs' motion for preliminary injunction. A stay will conserve judicial and party resources. Accordingly, all Parties jointly move for a stay of trial court proceedings pending resolution of Plaintiffs' appeal.

Throughout this case, the parties have worked together to streamline the proceedings to minimize expenses and maximize efficiency. At the outset, the parties moved for entry a joint briefing schedule, which the Court granted. Order, Dkt. 17, PageID# 63. The briefing schedule provided that "Defendants will file a responsive pleading or motion to dismiss within 30 days of

1

this Court's order resolving Plaintiffs' motion for a preliminary injunction." *Id.* at PageID# 64. On February 18, 2026, the Court entered an order denying Plaintiffs' motion for a preliminary injunction. Order, Dkt. 40, PageID# 331. Thus, Defendants' anticipated motions to dismiss are due March 20, 2026. *See* Order, Dkt. 17, PageID# 64. The parties jointly moved to stay discovery pending resolution of Defendants' motions to dismiss, and the Court granted the stay. Order, Dkt. 45. In the meantime, Plaintiffs filed a notice of appeal as to the order denying their motion for preliminary injunction. Notice, Dkt. 46. Now, the Parties agree that staying the trial court proceedings during the appeal makes sense.

District courts are vested with broad discretion to stay proceedings pursuant to their power to control their dockets. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27. Courts consider three factors when considering a motion to stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by a stay." *Esperson v. Trugreen LP*, No. 10-2130-STA, 2010 WL 2640520 (W.D. Tenn. June 29, 2010) (citing *Sierra Club v. Korleski*, No. 2:08–cv–865, 2010 WL 2302374, at *2 (S.D. Ohio June 8, 2010)).

Two of those three factors are not at issue here. All parties jointly move for this stay. So, there is no prejudice to a non-moving party, nor are there disputes about hardships or inequality. And the final factor weighs in favor of a stay. Judicial resources are saved when a pending case

2

in a higher court will decide issues of law that are significant to the case sought to be stayed. *See Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015) (granting a stay pending the resolution of two Supreme Court cases). That principle is certainly true here. The parties agree that a decision by the Sixth Circuit on Plaintiffs' appeal will likely provide guideposts for litigating Defendants' motions to dismiss, and the appeal will likely involve briefing on threshold issues. Those guideposts will save resources of the parties and the Court.

## CONCLUSION

For the reasons stated above, this Court should grant the Parties' motion to stay these proceedings pending resolution of the appeal of the order denying the preliminary injunction.

Respectfully submitted,

*/s/ Zachary L. Barker*
ZACHARY L. BARKER, TN BPR # 035933
Senior Assistant Attorney General
Office of the Tennessee Attorney General
Constitutional Defense Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-4098
Zachary.Barker@ag.tn.gov
*Counsel for State Defendants*


*/s/ Paul R. McAdoo*
PAUL R. MCADOO, TN BPR # 34066
Reporters Committee for Freedom of the Press
6688 Nolensville Rd.
Suite 108-20
Brentwood, TN 37027
(615) 823-3633
Email: pmcadoo@rcfp.org
*Counsel for Plaintiffs*


*/s/ Peter G. Vizcarrondo*
PETER G. VIZCARRONDO, NY BAR # 5540398
Metropolitan Legal Department
P O Box 196300
Nashville, TN 37219
(615) 862-6341
Email: peter.vizcarrondo@nashville.gov
*Counsel for Chief John Drake*

4

# CERTIFICATE OF SERVICE

I certify that the foregoing Exhibit List was filed electronically on March 13, 2026. A true and correct copy of that filing was forwarded on the same day via the Court's CM/ECF system upon the following:

Grayson Clary
Reporters Committee for Freedom of the Press
1156 15th Street NW
Suite 1020
Washington, DC 20005
202-795-9300
Email: gclary@rcfp.org

Paul R. McAdoo
Reporters Committee for Freedom of the Press
6688 Nolensville Rd.
Suite 108-20
Brentwood, TN 37027
(615) 823-3633
Email: pmcadoo@rcfp.org

Allison L. Bussell
Peter G. Vizcarrondo
Metropolitan Legal Department
P O Box 196300
Nashville, TN 37219
(615) 862-6341
Email: allison.bussell@nashville.gov
Email. peter.vizcarrondo@nashville.gov

                                        */s/ Zachary L. Barker*
                                        ZACHARY L. BARKER
                                        Senior Assistant Attorney General