UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GANNETT CO., INC., ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **NO. 3:25-cv-00830** |
| | ) | |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | **MAGISTRATE JUDGE HOLMES** |
| **JEFF LONG, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JOINT NOTICE OF DISPOSITION OF PLAINTIFF'S SIXTH CIRCUIT APPEAL AND MOTION FOR EXTENSION OF STAY OF PROCEEDINGS**

Pursuant to this Court's Order granting the Parties' Joint Motion to Stay Trial Court Proceedings, Order, Dkt. 49, PageID# 426, the Parties file this notice to inform the court that the Sixth Circuit issued a disposition in Plaintiff's appeal on November 10, 2026, Dkt. 50 PageID# 427–34. The Parties now respectfully request that the stay in this case be extended until January 7, 2027, so that the Parties may confer on whether the Sixth Circuit's disposition narrows any of the issues in dispute and on a proposed schedule for further proceedings. The Parties further propose that, by no later than January 7, 2027, the Parties will file a joint proposed schedule that includes proposed deadlines for the filing of (1) any motion to dismiss by Defendants; (2) any renewed motion for preliminary injunction by Plaintiffs; and (3) any joint motion to reset the initial case management conference.

Throughout this case, the Parties have worked together to streamline the proceedings to minimize expenses and maximize efficiency. At the outset, the Parties moved for entry a joint briefing schedule, which the Court granted. Order, Dkt. 17, PageID# 63. The briefing schedule provided that "Defendants will file a responsive pleading or motion to dismiss within 30 days of this Court's order resolving Plaintiffs' motion for a preliminary injunction." *Id.* at PageID# 64.

On February 18, 2026, the Court entered an order denying Plaintiffs' motion for a preliminary injunction. Order, Dkt. 40, PageID# 331. Thus, Defendants' anticipated motions to dismiss were due March 20, 2026. *See* Order, Dkt. 17, PageID# 64. The Parties jointly moved to stay discovery pending resolution of Defendants' motions to dismiss. Dkt. 41. This Court granted the stay and ordered the Parties to file a motion to reset the initial case management conference by no later than September 30, 2026, in the event the any motion(s) to dismiss remained pending. Order, Dkt. 45. In the meantime, Plaintiffs appealed this Court's denial of Plaintiffs' motion for a preliminary injunction to the Sixth Circuit Court of Appeals, Dkt. 46, and the Parties jointly moved for a stay of trial court proceedings pending resolution of Plaintiffs' appeal, Dkt. 48.

On March 13, 2026, this Court granted the parties' joint motion to stay, and directed the Clerk to administratively close this case pending the disposition of Plaintiffs' appeal. Order, Dkt. 49, PageID# 426. On November 10, 2026, the Sixth Circuit issued an opinion on Plaintiffs' appeal vacating this Court's order denying plaintiffs' motion for a preliminary injunction and remanding the case for further proceedings. Notice, Dkt. 50, PageID# 432. The Parties now agree that a short extension of the stay is warranted to allow the Parties adequate time to confer regarding the Sixth Circuit's disposition and regarding a proposed schedule for further proceedings.

District courts are vested with broad discretion to stay proceedings pursuant to their power to control their dockets. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27. Courts consider three factors when considering a motion

to stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequality to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by a stay." *Esperson v. Trugreen LP*, No. 10-2130-STA, 2010 WL 2640520 (W.D. Tenn. June 29, 2010) (citing *Sierra Club v. Korleski*, No. 2:08–cv–865, 2010 WL 2302374, at *2 (S.D. Ohio June 8, 2010)). Because the Parties here jointly move for a stay, there is no risk of prejudice to a non-moving party, nor are there disputes about hardships or inequality. As for the final factor, allowing the Parties to confer regarding anticipated further proceedings in this matter may allow the parties to potentially narrow the issues in dispute and potentially avoid duplicitous briefing.

**CONCLUSION**

For the reasons stated above, this Court should grant the Parties' motion to extend the stay in these proceedings until January 7, 2027.

DATED: November 20, 2026


/s/ *Paul R. McAdoo*
PAUL R. MCADOO, TN BPR # 34066
Reporters Committee for Freedom of the Press
6688 Nolensville Rd.
Suite 108-20
Brentwood, TN 37027
(615) 823-3633
Email: pmcadoo@rcfp.org
*Counsel for Plaintiffs*

/s/ *Zachary L. Barker (with permission)*
ZACHARY L. BARKER, TN BPR # 035933
Senior Assistant Attorney General
Office of the Tennessee Attorney General
Constitutional Defense Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-4098
Zachary.Barker@ag.tn.gov
*Counsel for State Defendants*

*/s/ Peter G. Vizcarrondo (with permission)*
PETER G. VIZCARRONDO, NY BAR # 5540398
Metropolitan Legal Department
P O Box 196300
Nashville, TN 37219
(615) 862-6341
Email: peter.vizcarrondo@nashville.gov
*Counsel for Chief John Drake*

**CERTIFICATE OF SERVICE**

I certify that on November 20, 2026, the foregoing Joint Notice of Disposition of Plaintiff's Sixth Circuit Appeal and Motion for Extension of Stay of Proceedings was filed with the Court's CM/ECF system, which will cause a copy thereof to be served upon counsel for all parties.

*/s/ Paul R. McAdoo*
Paul R. McAdoo (BPR No. 034066)
*Counsel for Plaintiffs*